## IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY, MARYLAND

| | |
|---|---|
| **ANDREW PETIT**<br>**230 Wroxeter Drive**<br>**Arnold, MD 21012** | * |
| | * |
| **and** | * |
| **THOMAS P. MURPHY**<br>**13 Dean Street**<br>**Annapolis, MD 21401** | * |
| | * |
| **Plaintiffs,** | * |
| **v.** | *   CASE NO.:  C.08- 130509 |
| **CONTINENTAL CASUALTY**<br>**COMPANY t/a CNA INSURANCE**<br>**CNA Plaza**<br>**Chicago, IL 60685** | * |
| | * |
| | * |
| **Serve On:**<br>**Resident Agent**<br>**Ralph Tyler, Commissioner**<br>**Maryland Insurance Administration**<br>**525 St. Paul Place**<br>**Baltimore, MD 21202-2272** | * |
| | * |
| | * |
| **Defendant.** | * |

*     *     *     *     *     *     *     *     *     *     *     *

### COMPLAINT

Andrew Petit and Thomas P. Murphy (hereinafter "Plaintiffs" or "Insured"), by their undersigned counsel, hereby sue Continental Casualty Company (hereinafter "Defendant" or "Insurer") on the following counts:

### FACTS COMMON TO ALL COUNTS

1.     Advanced Yachts Group, LLC, was a limited liability company in good standing, organized and existing under the laws of the State of Maryland and maintained its principal office at 326 First Street, Annapolis, Anne Arundel County, MD 21403.

2.     Advanced Yachts, Inc. was a corporation organized and existing under the laws of the State of Maryland and maintained its principal office at 326 First Street, Annapolis, Anne Arundel County, Maryland 21403.

3.     Plaintiffs are residents of Anne Arundel County, Maryland.

4.     Andrew Petit was the sole member of Advanced Yachts Group, LLC at all relevant times. Andrew Petit and Thomas Murphy were employed by, and/or officers of, Advanced Yachts Group, LLC and/or Advanced Yachts, Inc. (hereinafter collectively referred to as "Advanced Yachts") at all relevant times.   Plaintiffs were provided insurance coverage under the policies of insurance issued by Defendant Continental Casualty Company that is the subject matter of this Complaint.

5.     Defendant Continental Casualty Company (hereinafter "CNA") is a foreign corporation doing business as an insurance company throughout the State of Maryland, including Anne Arundel County, Maryland.

6.     Venue is proper in this Court pursuant to *Maryland Annotated Code, Courts and Judicial Proceedings* § 6-201.

7.     The   amount   in   controversy   exceeds   Thirty   Thousand   Dollars ($30,000.00).

8.     Advanced Yachts was in the boat dealership business in Annapolis, Maryland.  Advanced Yachts procured several insurance policies written by CNA, which policies included Marine Operators Coverage, Boat Dealers Program Coverage, Commercial General Liability Coverage, Commercial Inland Marine Coverage and Commercial Property Coverage, as well as various other insurance coverages relating to the business of Advanced Yachts.

2

9.     The subject insurance policies were written by CNA and included insurance issued under a policy B 1077548813, and policy B 2024208429 covering the policy period from 10-5-00 to 10-5-01. A copy of a portion of the insurance policies is attached hereto as Exhibit 1.

10.     The policies of insurance include a commercial general liability coverage form, providing that coverage will be provided by the Insurer in a lawsuit against the Insureds seeking damages in which the insurance applies. The policies of insurance include a duty to defend upon the Insurer for any lawsuits and claims against the Insureds, and the Insureds' employees and additional insureds, which may be covered by the policies of insurance.

11.     The policies of insurance were written by the Defendant CNA, and the terms and provisions thereof were not subject to negotiation by the Plaintiffs. The words and phrasing of the policy are those chosen by the Insurer.

12.     On or about January 10, 2001, Advanced Yachts, Inc. and/or Advanced Yachts, LLC (hereinafter collectively "Advanced Yachts") entered into a Contract with Benjamin K. McInnes, III, M.D. (hereinafter "McInnes") whereby Advanced Yachts agreed to sell a yacht, a *"Venturer 44,"* HIN AYV44101L899 (hereinafter "the Vessel") to Mr. McInnes. McInnes accepted delivery of the vessel in late January 2001 or early February 2001. Murphy was not involved in the sale of the vessel and met McInnes for the first time several months after delivery of the vessel.

13.     At the time of ratification of the Contract and delivery of the vessel, Petit and Murphy were employed by Advanced Yachts.

3

14.     After acceptance of the Vessel by McInnes, a dispute arose between McInnes and Advanced Yachts regarding the Vessel. McInnes thereafter filed suit in the United States District Court for the District of South Carolina on November 4, 2002 against Advanced Yachts, Petit and Murphy alleging fraud, negligence and negligent misrepresentation, breach of warranty, violations of the Magnusson-Moss Warranty Act, and unfair and deceptive trade practices.

15.     On or about March 20, 2003, Advanced Yachts, Petit, Murphy and McInnes agreed to submit the dispute to arbitration, pursuant to the terms of the Contract and memorialized their agreement in a Letter Arbitration Agreement. The parties agreed that the Arbitration would be held in Maryland and the parties agreed that M. Hamilton Whitman, Esquire would act as arbitrator and that the Arbitration would be governed by the Maritime Arbitration Rules.

16.     The claims of McInnes against Plaintiffs and Advanced Yachts were claims covered by the policies of insurance written by CNA.

17.     Plaintiffs and Advanced Yachts provided timely notice to CNA of McInnes' Complaint and requested that CNA provide a defense to the claims. CNA refused to provide a defense of the claims against Plaintiffs and Advanced Yachts. After the matter was submitted to Arbitration, Plaintiffs and Advanced Yachts against contacted CNA and again requested that CNA provide a defense as required under the terms of the policies of insurance. CNA again refused.

18.     On or about March 23, 2004, the Arbitrator, M. Hamilton Whitman, Esquire, entered a Case Management Order for the Arbitration. After extensive discovery and submission of Motions for Summary Judgment by all parties, on or about

November 17, 18 and 19, 2004 the matter under dispute between Petitioners Petit and Murphy and Respondent McInnes was heard before the Arbitrator. The Arbitrator issued his "Final Award" on March 23, 2005 and found in favor of Advanced Yachts, Petit and Murphy on all Counts of the Complaint filed by McInnes. The Arbitrator further entered an award of arbitration expenses and fees in favor of Petit and Murphy and against McInnes. A genuine and authentic copy of the Arbitrator's Findings and Award are attached hereto and incorporated herein as Exhibit 2.

**COUNT I**
**(Breach of Contract)**

19.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20.     Plaintiffs entered into contracts with CNA to provide broad form insurance coverage for the business of Advanced Yachts. CNA also agreed, as part of the insurance contract, to provide a defense to Advanced Yachts and its employees and officers in lawsuits against Advanced Yachts, and its employees and officers, for claims of third-parties relating to a covered loss. A loss occurred resulting from a lawsuit against Plaintiffs.

21.     A claim was made on CNA by Advanced Yachts and/or Plaintiffs and all conditions, if any, precedent to the making of a claim have been taken by the insured or waived by the insurer.

22.     The Insurer has disclaimed coverage for the defense of the lawsuit against Plaintiffs. As a result of CNA's improper denial of coverage, Plaintiffs were required to secure attorneys to defend them in the McInnes lawsuit and Arbitration, and incurred

legal expenses and costs, including but not limited to attorneys' fees, deposition costs, and arbitration expenses, all of which are costs covered under the policies of insurance.

23.     Plaintiffs were successful in their defense of the McInnes lawsuit.

24.     The Plaintiffs have complied with all contractual terms.  The Insurer is in breach of the contracts, which breaches include, but are not limited to, the failure to pay and timely adjust the loss, i.e., the failure of the Insurer to defend Plaintiffs in the McInnes lawsuit.

25.     As a result of the Insurer's breach of contract, the Plaintiffs have suffered damages in the amount of One Hundred Thousand Dollars ($100,000.00).

WHEREFORE, the Plaintiffs, Andrew Petit and Thomas Murphy, move this Honorable Court to enter judgment against the Defendant Continental Casualty Company in the amount of One Hundred Thousand Dollars ($100,000.00), plus prejudgment interest at the legal rate, and at the judgment rate thereafter until paid, costs of this lawsuit, reasonable attorneys fees and such other and further relief as this Court deems just and proper.

Walter W. Green
DANIELS AND GREEN, LLC
7309 Baltimore Avenue
Suite 217
College Park, MD 20740
(301) 864-1100

Attorneys for Plaintiffs

TRUE COPY,
TEST: Robert P. Duckworth, Clerk
By:_____ Deputy